JP:SCF

**M 12- 069**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

   - against -

DAQUAN BROWN,

          Defendant.

- - - - - - - - - - - - - - - - -X

COMPLAINT AND AFFIDAVIT
IN SUPPORT OF APPLICATION
FOR ARREST WARRANT

(18 U.S.C. § 922(g)(1))

EASTERN DISTRICT OF NEW YORK, SS:

      ELIZABETH A. GODDARD, being duly sworn, deposes and states that she is a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives duly appointed according to law and acting as such.

      Upon information and belief, on or about January 17, 2012, within the Eastern District of New York, the defendant DAQUAN BROWN, having been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, did knowingly and intentionally possess in and affecting commerce a firearm, to wit: a Taurus, .38 caliber revolver.

      (Title 18, United States Code, Section 922(g)(1))

      The source of your deponent's information and the grounds for her belief are as follows:[1]

---

[1] Because the purpose of this Complaint is to state only probable cause to arrest, I have not described all the relevant facts and circumstances of which I am aware.

2

1. I have been a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives for 2 years. My information in this case comes from reviews of NYPD records, conversations with NYPD officers and review of other official records of government agencies.

2. On January 17, 2012, NYPD officers Damon Martin, Samuel Carey and Andre Blake were on patrol in both marked and unmarked police vehicles in Brooklyn, New York. At approximately 6:30 p.m. that evening, Officer Martin, while seated in an unmarked vehicle in the East New York section of Brooklyn, observed the defendant and an unidentified male engage in a verbal altercation near the corner of Sutter Avenue and Jerome Street. During that altercation, Officer Martin overheard the unidentified male address the defendant by stating, among other things: "next time you pull that gun on me you better be ready to use it." From his vantage point across the street, Officer Martin also observed the defendant motion towards his body with his hand and manipulate his coat, as if displaying a firearm.

3. After making these observations, Officer Martin contacted, via radio, Officers Carey and Blake, who were dressed in full NYPD uniform and traveling in a marked NYPD van. Officer Martin relayed to Officers Carey and Blake his observations concerning the defendant and requested that they

3

investigate whether the defendant was in possession of a firearm.

4. Subsequently, Officers Carey and Blake arrived near the corner of Sutter Avenue and Jerome Street, disembarked from their vehicle and approached the defendant on foot. As Officer Carey neared the defendant, he observed the defendant place the shopping bag he was carrying on the ground and reach towards the left outside pocket of his coat. As the defendant made this movement, Officer Carey slapped the defendant's hand away and ordered the defendant to raise his arms. At that point the defendant stated, in sum and substance: "look, I'm not going to lie to you, I have a gun." Officer Carey then patted the left outside pocket of the defendant's coat and felt the butt of a small pistol protruding from the pocket.

5. The defendant was subsequently placed under arrest. Officer Carey discovered and took custody of the defendant's silver Taurus, .38 caliber revolver, bearing serial number CO30953. The weapon was loaded with one round of ammunition.

6. The defendant was then transported in custody to the 75th Precinct and interviewed. The defendant was advised of his Miranda rights, which he appeared to understand and waived. In response to subsequent questioning, the defendant confirmed that the revolver that had been obtained from his coat pocket

4

was his, and that he intended to display the weapon earlier in the evening in an effort to warn the person he had been observed arguing with.

7. I have reviewed criminal history records for the defendant, which reveal that he has been convicted of at least the following crime: on May 29, 2008, the defendant was convicted in Kings County, New York of Attempted Robbery in the Second Degree, a felony, and sentenced to 2 years incarceration.

8. I have conferred with an ATF interstate nexus expert. As a result of that communication, I am aware that Taurus firearms have never been manufactured in the State of New York, and accordingly, the defendant's weapon traveled in interstate commerce prior to January 17, 2012. Furthermore, engraved into the side of the weapon carried by the defendant on January 17, 2012 are the words "made in Brazil."

5

WHEREFORE, your deponent respectfully requests that the defendant DAQUAN BROWN be dealt with according to law.

_____
Elizabeth Goddard
Special Agent
Bureau of Alcohol, Tobacco,
Firearms and Explosives

Sworn to before me this
23rd day of January, 2012

_____
VIKT
UNIT   S/ Pohorelsky   E JUDGE
EAS                    YORK